United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JASON SMITH,

          Plaintiff,

   v.

M. ZAVALA, et al.,

          Defendants.

Case No. 21-03426 BLF (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a state inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison staff at the Correctional Training Facility in Soledad ("CTF").  Dkt. No. 1.  Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

**DISCUSSION**

**A.**   **Standard of Review**

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

1  upon which relief may be granted or seek monetary relief from a defendant who is immune

2  from such relief.  *See id.* § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally

3  construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

4      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

5  elements: (1) that a right secured by the Constitution or laws of the United States was

6  violated, and (2) that the alleged violation was committed by a person acting under the

7  color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

8  **B.**    <u>**Plaintiff's Claims**</u>

9      Plaintiff claims that on August 26, 2020, Defendant Correctional Officer M. Zavala

10  used excessive force against him, causing injuries, in retaliation for filing a lawsuit against

11  her.  Dkt. No. 1 at 10-11, 26.  Plaintiff claims that Defendant Zavala then issued a false

12  RVR ("Rules Violation Report") against him, also in retaliation.  *Id.* at 12.  On September

13  30, 2020, Plaintiff appeared before Defendant Lt. J. Reed to adjudicate the RVR.  *Id.*

14  Plaintiff claims Defendant Reed denied him witnesses at the hearing and found him guilty

15  of a lesser included charge, stating, "I have to find you guilty of something, you have a 602

16  against Zavala."  *Id.*  Plaintiff claims Defendant Reed conspired with Defendant Zavala in

17  retaliation for petitioning the government for redress of grievances, in violation of the First

18  Amendment.  *Id.* at 14.  Plaintiff claims that his appeal of the matter was denied on

19  November 5, 2020, with a finding that Plaintiff's allegations of retaliation and excessive

20  force against Defendant Zavala were unfounded.  *Id.*  The decision was authored by

21  Defendant K. Mensing, Acting Chief Deputy Warden, whom Plaintiff claims was

22  attempting to cover up and was in acquiescence with Defendant Zavala's use of force.  *Id.*

23  Plaintiff seeks injunctive and declaratory relief, as well as damages.  *Id.* at 17-18.

24      **1.**    <u>**Excessive Force**</u>

25      Plaintiff claims Defendant Zavala "grabbed [his] left wrist and lunged her elbow,

26  with force, into Plaintiff's upper back, causing sharp pain, and then placed a handcuff on

27  Plaintiff's hands extremely tight."  Dkt. No. 1 at 10.  Defendant Zavala later repeatedly

28  2

United States District Court
Northern District of California

and intentionally jerked Plaintiff's handcuffed hands while escorting him to a holding cell, while Plaintiff was not resisting and complying with orders.  *Id.*  Plaintiff claims Defendant Zavala's actions were unjustified and constitutes excessive force.  *Id.* at 14. These allegations are sufficient to state an excessive force claim in violation of the Eighth Amendment.  *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

### 2.    Retaliation

Plaintiff claims Defendants Zavala, Reed, and Mensing acted in retaliation for Plaintiff filing a lawsuit against Defendant Zavala.  Dkt. No. 1 at 14, 15.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson,* 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).  Plaintiff's allegations are sufficient to state a claim against Defendant Zavala based on the use of excessive force and issuing a false RVR against Plaintiff because he filed a lawsuit against her, which chilled the exercise of his First Amendment rights and did not reasonably advance a legitimate correctional goal. Plaintiff's allegations are also sufficient to state a retaliation claim against Defendant Reed for finding him guilty of the RVR, albeit a lesser charge, because of Plaintiff's "602 against Zavala." Dkt. No. 1 at 14-15.  Lastly, liberally construed, Plaintiff's allegations are also sufficient to state a retaliation claim against Defendant Mensing for denying Plaintiff's appeal because of his lawsuit against Defendant Zavala.  *Id.* at 15.

### 3.    Disciplinary Proceedings

Plaintiff claims Defendant Reed denied him the right to call witnesses at the disciplinary hearing for the allegedly false RVR issued by Defendant Zavala.  Dkt. No. 1 at 15.

Prisoners retain their right to due process subject to the restrictions imposed by the

3

United States District Court
Northern District of California

nature of the penal system.  *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  Thus although prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply, where serious rules violations are alleged and the sanctions to be applied implicate state statutes or regulations which narrowly restrict the power of prison officials to impose the sanctions and the sanctions are severe, the Due Process Clause requires certain minimum procedural protections.  *See id.* at 556-57, 571-72 n.19.  The placement of a California prisoner in isolation or segregation, or the assessment of good-time credits against him, as a result of disciplinary proceedings, for example, is subject to *Wolff's* procedural protections[1] if (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, and (2) the liberty in question is one of "real substance."  *See Sandin v. Conner*, 515 U.S. 472, 477-87 (1995).

Plaintiff's allegations are insufficient to state a due process claim against Defendant Reed because he does not describe what sanctions he received as a result of the guilty finding for the lesser charge to trigger *Wolff's* procedural protections.  Furthermore, even if the sanctions were severe enough to trigger *Wolff*, Plaintiff must provide sufficient allegations to show that the calling of the witnesses he requested would not have been "unduly hazardous to institutional safety or correctional goals" under the fourth procedural

---

[1] *Wolff* established five procedural requirements.  First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense."  *Wolff*, 418 U.S. at 564.  Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]."  *Id.*  Third, "there must be a written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action."  *Id.* (quoting *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)).  Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals."  *Id.* at 566.  Fifth, "[w]here an illiterate inmate is involved . . . or where the complexity of the issues makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff."  *Id.* at 570.

requirement.  *Wolff*, 418 U.S. at 566.  Plaintiff shall be granted leave to amend this claim to allege sufficient facts to state a due process claim against Defendant Reed.

### 4.   Failure to Protect

Plaintiff claims Defendant Mensing violated the Eighth Amendment based on his "cover-up" and acquiescence with Defendant Zavala's use of excessive force.  Dkt. No. 1 at 12.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners.  *Farmer v. Brennan*, 511 U.S. 824, 832 (1994).  In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners.  *Id*. at 833; *Cortez v. Skol*, 776 F. 3d 1046, 1050 (9th Cir. 2015); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005).  The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety.  *Farmer*, 511 U.S. at 834.  A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it.  *Id*. at 837.  Allegations in a *pro se* complaint sufficient to raise an inference that the named prison officials knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it state a failure-to-protect claim.  *See Hearns*, 413 F.3d at 1041-42 (citing *Farmer*, 511 U.S. at 847).

Assuming that a failure to protect claim extends to violence at the hand of prison officers, Plaintiff's allegations are insufficient to state a claim against Defendant Mensing. The second prong for an Eighth Amendment claim requires that a prison official knows of and disregards an excessive risk to inmate safety, and then failed to take reasonable steps to abate it.  *Farmer*, 511 U.S. at 837.  Here, there are no facts in the complaint to raise even an inference that Defendant Mensing was subjectively aware that Defendant Zavala

1   intended to harm Plaintiff on August 26, 2020, much less "acquiesced," and failed to take

2   steps to prevent it.  Even if it were true that Defendant Mensing acted to "cover-up" the

3   incident, such actions did not violate Plaintiff's Eighth Amendment rights.

4       Plaintiff shall be granted leave to amend this claim to attempt to allege sufficient

5   facts to state an Eight Amendment claim against Defendant Mensing if he can do so in

6   good faith.

7       **5.**    ***Monell* Claim**

8       Plaintiff asserts that Defendant Mensing is liable as a "top administrator and

9   policymaker" who failed to reprimand or discipline Defendant Zavala when he became

10  aware of the grave misconduct, which "support[s] the conclusion that retaliatory acts were

11  condoned by policymakers."  Dkt. No. 1 at 16.  Plaintiff claims that Defendant Mensing's

12  "cover-up" and "turn[ing] a blind-eye to Plaintiff's complaint of misconduct…

13  constitut[es] a policy or custom that led to the violation of Plaintiff's rights."  *Id.*

14      It appears that Plaintiff is attempting to state a claim under *Monell v. Dep't of Social*

15  *Servs.*, 436 U.S. 658 (1978), based on an official policy of a local municipality that caused

16  a constitutional tort.  *Id.* at 690.  To impose municipal liability under § 1983 for a violation

17  of constitutional rights resulting from governmental inaction or omission, a plaintiff must

18  show: "(1) that he possessed a constitutional right of which he or she was deprived; (2) that

19  the municipality had a policy; (3) that this policy amounts to deliberate indifference to the

20  plaintiff's constitutional rights; and (4) that the policy is the moving force behind the

21  constitutional violation."  *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474

22  (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (internal

23  quotation marks omitted); *see Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d

24  432, 438 (9th Cir. 1997).

25      Plaintiff's allegations are insufficient to state a *Monell* claim.  First of all, the

26  appropriate defendant for such a claim is a municipality, i.e., a city or county, that

27  maintains the policy, not the Acting Warden of CTF.  Furthermore, Plaintiff fails to set

28

forth the exact policy which resulted in the violation of his constitutional rights.  The Ninth Circuit has defined broadly "policy" for purposes of a *Monell* claim as "'a deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'"  *Brass v. County of Los Angeles*, 328 F.3d 1192, 1199-1200 (9th Cir. 2003) (quoting *Fairley v. Luman*, 281 F.3d 913, 918 (9th Cir. 2002) (per curiam)).

Lastly, Plaintiff's allegations with respect to Defendant Mensing's one-time action with regard to Defendant Zavala is simply insufficient to establish a *Monell* claim.  The actions of a non-policymaking employee on one day, without more, cannot establish a custom, policy, practice, or procedure.  *See Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 900 (9th Cir. 2008) (finding no municipal liability where police officer violated plaintiff's First Amendment rights, but plaintiff could not point to official municipal policy prohibiting or restricting First Amendment rights and defendants submitted affidavit from Chief of Police stating there was no such policy).  Similarly, proof of random acts or isolated incidents of unconstitutional action by a non-policymaking employee are insufficient to establish the existence of a municipal policy or custom.  *See Rivera v. County of Los Angeles*, 745 F.3d 384, 398 (9th Cir. 2014) *McDade v. West*, 223 F. 3d 1135, 1142 (9th Cir. 2000); *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9th Cir. 1989).  "When one must resort to inference, conjecture and speculation to explain events, the challenged practice is not of sufficient duration, frequency and consistency to constitute an actionable policy or custom."  *Trevino*, 99 F.3d at 920.  "Only if a plaintiff shows that his injury resulted from a 'permanent and well settled' practice may liability attach for injury resulting from a local government custom."  *Thompson*, 885 F.2d at 1444; *see Gant v. County of Los Angeles*, 772 F.3d 608, 618 (9th Cir. 2014) (liability may not be predicated on isolated or sporadic incidents; "it must be founded on practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy").

Plaintiff shall be granted leave to amend this claim to attempt to allege sufficient facts to state a *Monell* claim against an appropriate defendant if he can do so in good faith.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.      The complaint states the following cognizable claims: (1) excessive force against Defendant Zavala; and (2) retaliation claims against Defendants Zavala, Reed, and Mensing.  *See supra* at 2-3.

2.      The remainder of Plaintiff's claims are **DISMISSED with leave to amend**. *See supra* at 3-7.  Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to correct the deficiencies described above.  The amended complaint must include the caption and civil case number used in this order, Case No. C 21-03426 BLF (PR), and the words "AMENDED COMPLAINT" on the first page.  If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.  The amended complaint supersedes the original, the latter being treated thereafter as non-existent.  *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

3.      **In the alternative**, Plaintiff may file notice he wishes to proceed on the claims found cognizable above under paragraph (1), and strike all other claims from the complaint.  The Court will order the complaint served on defendants based on the cognizable claims.

4.      **Failure to respond in accordance with this order in the time provided will result in this action proceeding solely on the cognizable claims identified above, and all other claims being dismissed for failure to state a claim.**

5.      The Clerk shall include two copies of the court's **complaint** with a copy of

8

this order to Plaintiff.

**IT IS SO ORDERED.**

**Dated:  __September 13, 2021_____**

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.21\03426Smith_dwlta

9