UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SMITH,<br><br>  Plaintiff,<br><br> v.<br><br>M. ZAVALA, et al.,<br><br>  Defendants. | Case No. 21-03426 BLF (PR)<br><br>**ORDER STRIKING NON-COGNIZABLE CLAIMS AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

  Plaintiff, a state inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison staff at the Correctional Training Facility in Soledad ("CTF"). Dkt. No. 1. On September 13, 2021, the Court screened the complaint and found it stated cognizable claims of excessive force against Defendant Zavala and retaliation claims against Defendants Zavala, Reed, and Mensing. Dkt. No. 4 at 8. The Court granted leave to amend with respect to the remaining claims or, in the alternative, to file notice that he wishes to proceed on the cognizable claims and strike all other claims from the complaint. *Id.* Plaintiff was advised that if he did not file an amended complaint in the time provided, the action would proceed on the cognizable claims. *Id.* at 5.

  On September 24, 2021, Plaintiff filed notice that he wishes to strike all other claims from the complaint and proceed on the cognizable claims. Dkt. No. 5.

Accordingly, the Court will order service of the cognizable claims on Defendants and strike the remaining claims.

## DISCUSSION

### A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.   Plaintiff's Claims

In an initial screening order, the Court the complaint set forth the following claims:

> Plaintiff claims that on August 26, 2020, Defendant Correctional Officer M. Zavala used excessive force against him, causing injuries, in retaliation for filing a lawsuit against her. Dkt. No. 1 at 10-11, 26. Plaintiff claims that Defendant Zavala then issued a false RVR ("Rules Violation Report") against him, also in retaliation. *Id.* at 12. On September 30, 2020, Plaintiff appeared before Defendant Lt. J. Reed to adjudicate the RVR. *Id.* Plaintiff claims Defendant Reed denied him witnesses at the hearing and found him guilty of a lesser included charge, stating, "I have to find you guilty of something, you have a 602 against Zavala." *Id.* Plaintiff claims Defendant Reed conspired with Defendant Zavala in retaliation for petitioning the government for redress of grievances, in violation of the First Amendment. *Id.* at 14. Plaintiff claims that his appeal of the matter was denied on November 5, 2020, with a finding that Plaintiff's allegations

2

of retaliation and excessive force against Defendant Zavala were unfounded. *Id.* The decision was authored by Defendant K. Mensing, Acting Chief Deputy Warden, whom Plaintiff claims was attempting to cover up and was in acquiescence with Defendant Zavala's use of force. *Id.* Plaintiff seeks injunctive and declaratory relief, as well as damages. *Id.* at 17-18.

### 1. **Excessive Force**

Plaintiff claims Defendant Zavala "grabbed [his] left wrist and lunged her elbow, with force, into Plaintiff's upper back, causing sharp pain, and then placed a handcuff on Plaintiff's hands extremely tight." Dkt. No. 1 at 10. Defendant Zavala later repeatedly and intentionally jerked Plaintiff's handcuffed hands while escorting him to a holding cell, while Plaintiff was not resisting and complying with orders. *Id.* Plaintiff claims Defendant Zavala's actions were unjustified and constitutes excessive force. *Id.* at 14. These allegations are sufficient to state an excessive force claim in violation of the Eighth Amendment. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

### 2. **Retaliation**

Plaintiff claims Defendants Zavala, Reed, and Mensing acted in retaliation for Plaintiff filing a lawsuit against Defendant Zavala. Dkt. No. 1 at 14, 15.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson,* 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Plaintiff's allegations are sufficient to state a claim against Defendant Zavala based on the use of excessive force and issuing a false RVR against Plaintiff because he filed a lawsuit against her, which chilled the exercise of his First Amendment rights and did not reasonably advance a legitimate correctional goal. Plaintiff's allegations are also sufficient to state a retaliation claim against Defendant Reed for finding him guilty of the RVR, albeit a lesser charge, because of Plaintiff's "602 against Zavala." Dkt. No. 1 at 14-15. Lastly, liberally construed, Plaintiff's allegations are also sufficient to state a retaliation claim against Defendant Mensing for denying Plaintiff's appeal because of his lawsuit against Defendant Zavala. *Id.* at 15.

3

Dkt. No. 4 at 2-3. In accordance with the foregoing, this action will proceed on the above cognizable claims.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. This action shall proceed on the following cognizable claims: (1) excessive force against Defendant Zavala; and (2) retaliation claims against Defendants Zavala, Reed, and Mensing. *See supra* at 2-3. All other claims and Defendants are **DISMISSED** from this action for failure to state a claim.

2. The following defendants shall be served at CTF:

   a. **K. Mensing, Acting Chief Deputy Warden**
   b. **Correctional Officer M. Zavala**
   c. **Correctional Lt. J. Reed**

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint, and any attachments thereto, Dkt. No.1, a copy of the court's "Order of Dismissal with Leave to Amend," Dkt. No. 4, this order of service, a CDCR Report of E-Service Waiver form and a summons. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are

waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).** *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to

Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: __October 7, 2021_____

BETH LABSON FREEMAN
United States District Judge

Order Striking Non-Cog Claims and of Service
PRO-SE\BLF\CR.21\03426Smith_svc